IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LATRICE J. FERGUSON,

    Plaintiff,

v.                                                              Case No. 19-2522-JWB

ANDREW M. SAUL,
*Commissioner of Social Security,*

    Defendant.

**MEMORANDUM AND ORDER**

This case is before the court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA). (Doc. 16.) Plaintiff has filed a memorandum in support of the request and Defendant has filed a response in opposition. (Docs. 18, 19.) No reply has been filed and the time for doing so has expired, making the motion ripe for decision. For the reasons stated herein, the motion for attorney's fees is GRANTED.

**I. Standard**

"Under the EAJA, the prevailing party in an action brought by or against the United States is entitled to fees, other expenses, and costs 'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Lopez v. Berryhill*, 690 F. App'x 613 (10th Cir. 2017) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner has the burden of proof to show that his position was substantially justified. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing *Scarborough v. Principi,* 541 U.S. 401, 414 (2004)). "Substantially justified" means the Commissioner's position was reasonable in law and in fact and can be "justified to a degree that could satisfy a reasonable

person." *Id.* (quoting *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)).  The Commissioner's position can be justified even though it is not correct.  *Id.*

The "position of the United States" includes not only the position taken in the present civil action, but also the action or failure to act by the agency upon which the civil action is based.  *Id.* (citing 28 U.S.C. § 2412(d)(2)(D)).  Thus, an unjustified position by an ALJ in a social security proceeding may support an award of EAJA fees.  *Id.* at 1173.  This is generally true, moreover, even if the Commissioner advances a reasonable position in the subsequent litigation.  *Id.* (EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position.")

**II. Analysis**

The court concludes the position of the United States in this matter was not substantially justified.  The ALJ rejected Plaintiff's claim that she met impairment Listing 11.02 for epilepsy but failed to explain the basis for that finding.  (Doc. 14 at 7-9.)  As the court pointed out in vacating that decision, there was a "notable gap" in the ALJ's discussion of the evidence: namely, the ALJ failed to consider or explain a significant portion of the opinion of seizure specialist Dr. Patrick Landazuri, who treated Plaintiff's seizure disorder, diagnosed it as "Pharmacoresistant partial epilepsy with impairment of consciousness, intractable," and who made findings undermining suggestions that Plaintiff's seizures were infrequent or resulted from medication noncompliance.  (Doc. 14 at 10-12.)  The court concludes the ALJ's position assessing Plaintiff's eligibility for Listing 11.02 was not reasonable in law or in fact, as it completely failed to consider substantial medical evidence directly bearing on the requirements of the listing.  Moreover, the court notes Plaintiff argued in this appeal that Dr. Landazuri's opinion was overlooked insofar as it impacted the listing and that it showed the requirements of Listing 11.02 were met.  (*See* Doc. 9

2

at 14, 15, 16). The Commissioner's response brief failed to address that issue, mentioning Dr. Landazuri only in passing (Doc. 13 at 8) and without any discussion of how his opinion related to the listing. In sum, the court concludes the position of the United States was not substantially justified.

The court has a duty to evaluate the reasonableness of every fee request. *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983). Plaintiff's motion seeks attorney's fees in the amount of $5,725 for 36.2 hours of work. (Doc. 19 at 5.) The request is supported by affidavits and exhibits documenting the work performed and the reasonableness of the fee. The Commissioner's brief raises no issue concerning the reasonableness of the amount claimed by Plaintiff. (Doc. 18.) The court has reviewed the materials submitted and finds that Plaintiff's attorney fee request is reasonable and should be granted.

### III. Conclusion

Plaintiff's motion for attorney's fees (Doc. 16) is GRANTED. The court determines that Plaintiff is entitled to attorney's fees under the EAJA in the amount of $5,725. Plaintiff's statement of consultation that was filed in ECF as a motion (Doc. 17) is DENIED as moot.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE